Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
1850 45th Ave. NE, Suite 33
Salem, OR 97305
(503) 917-4409 Phone
(916) 857-6902 Facsimile

Attorneys for Plaintiffs
FAITH ON HILL CHURCH and
SKOPOS CHRISTIAN SCHOOL

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAITH ON HILL CHURCH, A Non-Profit Corporation, and SKOPOS CHRISTIAN SCHOOL, A Non-Profit Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CLACKAMAS, A Municipality, and DOES 1 THROUGH 50, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF UNDER RELIGIOUS LAND USE & INSTITUTIONALIZED PERSONS ACT [42 U.S.C. § 2000cc *et seq.*]** |

Plaintiffs FAITH ON HILL CHURCH ("FOH") and SKOPOS CHRISTIAN SCHOOL ("SKOPOS," and collectively with FOH "Plaintiffs") hereby allege as follows:

### PARTIES

1. Plaintiff FOH is, and at all times herein was, a non-profit corporation which operates a church in Milwaukie, Oregon.

2. Plaintiff SKOPOS is, and at all times herein was, a non-profit corporation that operates a private Christian school committed to serving students in kindergarten through eighth grade in Clackamas County, Oregon.

3. Defendant COUNTY OF CLACKAMAS (the "COUNTY") is, and at all times herein was, a public body as defined in ORS 30.260(4)(b) and 174.109.

4. The true names and capacities of Defendants DOES 1 THROUGH 50 (collectively the "DOES"), inclusive, are unknown to Plaintiff, who therefore sues said Defendants under such fictitious names. Each Defendant designated herein as one of the DOES is legally responsible for the events and happenings herein referred to and proximately caused injuries and damages to Plaintiff thereby, as herein alleged. Plaintiff will seek leave of this Court to amend this Complaint to show the DOES' names and capacities once they have been ascertained.

## JURISDICTION

5. Plaintiffs refer to and hereby incorporates the allegations of Paragraphs 1 through 4 into this Paragraph as if fully set forth herein.

6. This Court has jurisdiction over the Defendants pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the Constitution and laws of the United States.

## VENUE

7. Plaintiffs refer to and hereby incorporate the allegations of Paragraphs 1 through 6 into this Paragraph as if fully set forth herein.

8. Venue is proper in the Court's Portland Division because the events giving rise to this Complaint occurred in the County of Clackamas and Defendant COUNTY and all of the agents, employees, or other persons working for, or in concert with, Defendant COUNTY with regard to the events giving rise to this case are located in, employed in, or residents of, the County of Clackamas.

## GENERAL ALLEGATIONS

9. Plaintiffs refer to and hereby incorporate by reference the allegations set forth in Paragraphs 1 through 8 into this Paragraph as if fully set forth herein.

10. Plaintiff FOH has operated a church at 3615 Southeast Hill Road (the "Property") in Milwaukie, a city in Clackamas County, Oregon, since 1968. FOH operates the church a residential neighborhood zoned "R-10" – i.e., "Urban Low Density Residential" – under Defendant COUNTY's Zoning and Development Ordinance (the "ZDO"). Under the ZDO, both places of worship and schools are conditional uses permissible in neighborhoods zoned "R-10."

11. In 1977, FOH applied to Defendant COUNTY's Planning and Zoning Department for a conditional use permit (the "CUP") letting FOH construct a 3,900-square-foot classroom addition – which FOH has dubbed its "Christian Education Wing" (the "Wing") – on the Property. A copy of the CUP is attached hereto as **Exhibit "A."**

12. In approving the CUP, Defendant COUNTY declared as follows (emphasis added):

> "Providing facilities for the purpose of conducting religious services, *teaching* and related social activities is beneficial to communities of people and serves a public need. The need to provide new church facilities for a growing and mobile population is continuous."

13. The CUP contains no provision limiting the amount of the Wing's usage or prohibiting FOH from allowing outside organizations to use the Wing. *See* Ex. "A."

14. Plaintiff FOH has continuously used its Wing for Sunday school classes, kids' church, Sunday night adult education, and adult, youth, and kids' group meetings, thereby fulfilling the Wing's dedicated purpose of educating people of all ages according to the Christian faith.

15. In early 2019, Plaintiff FOH learned that Plaintiff SKOPOS, a small, non-profit Christian private school with less than 30 students in kindergarten through eighth grade, would be displaced from its previous home, Tri City Baptist Temple in Gladstone, Oregon – which, like Milwaukie, is located in Clackamas County – at the end of the 2018-19 school year. SKOPOS thus had an extremely limited amount of time in which to scramble to find a new location.

16. In Plaintiff FOH, Plaintiff SKOPOS found an organization whose religious teachings not only closely align with its own, but which has a facility – i.e., the Wing – that is perfectly suited for SKOPOS' small student body, which is roughly the size of a single public school classroom. SKOPOS has no plans to serve more than 50 students, as its educational model favors a low student-teacher ratio that allows for more individualized instruction.

17. Wanting to help Plaintiff SKOPOS in its hour of need, Plaintiff FOH offered to rent out its Wing to SKOPOS on weekdays, as FOH typically uses the Wing primarily on nights and weekends. SKOPOS accepted FOH's offer and has operated out of the Wing since approximately August 2019.

18. In exchange for the use of its Wing, Plaintiff FOH charges Plaintiff SKOPOS a small amount of rent – just enough to cover the costs of utilities, facility maintenance, and any other necessary costs. FOH and SKOPOS view their arrangement not as a business venture, but a partnership between like-minded Christian organizations aimed at furthering their joint mission of providing Christian education to Clackamas County residents.

19. Even though Plaintiff FOH's rental of the Wing to Plaintiff SKOPOS is consistent with the Wing's dedicated purpose of Christian education, Defendant COUNTY has deemed FOH's allowance of SKOPOS to use the Wing a "change of usage." The COUNTY is thus demanding that FOH go through a new permitting process, which would cost FOH a minimum of $4,000 in fees.

20. Since Plaintiff FOH began letting Plaintiff SKOPOS operate out of the Wing without submitting to Defendant COUNTY's demand that FOH submit to the permitting process anew, the COUNTY has repeatedly issued fines to FOH at a rate of $75 per month. *See* Attached **Exhibit "B"** [copies of the fine notices that the COUNTY has issued to Plaintiff].

21. More recently, Defendant COUNTY has significantly increased the amount of the monthly fines that FOH faces to $900. *See* Attached **Exhibit "C"** [a copy of the most recent fine notice that the COUNTY has issued to FOH, dated December 3, 2019].

22. As the school year approached in August 2019, and again in October 2019, Plaintiffs' attorney reached out to Defendant COUNTY in hopes of resolving the "change of use" issue. On October 25, 2019, the COUNTY responded via e-mail to Plaintiff's attorney as follows:

> "Because churches and schools are identified as conditional uses in the R-10 zone, our Planning Department would typically not issue one decision that would cover both of these uses; it is either one or the other. Although the detail in the prior decisions is lacking, it appears reasonably clear that what was previously approved was a traditional place of worship with accessory religious uses, as opposed to a place of worship with a separate school function."

*See* Attached **Exhibit "D"** [a copy of the COUNTY's e-mail to Plaintiff's attorney].

23. Section 202 of the ZDO defines "Accessory Building or Use" to mean "[a] ***subordinate building or use***, the function of which is clearly ***incidental to that of the main building or use*** on the same lot" (emphasis added). The ZDO provides no definition of "incidental"; Dictionary.com, however, defines "incidental" to mean "happening or likely to happen in an unplanned or subordinate conjunction with something else." Plaintiff SKOPOS' use of Plaintiff

FOH's Wing meets that definition: It was unplanned, as SKOPOS was displaced from its prior home, and it is subordinate to FOH's main use of its Property to operate a church.

24. Section 202 of the ZDO also defines "use" to mean "[t]he purpose for which a building is arranged, designed or *intended*, or for which *land or a building may be occupied*" (emphasis added). Plaintiff FOH's allowance of Plaintiff SKOPOS to use its Wing is consistent with the Wing's intended use – namely, Christian education. It is thus apparent that Defendant COUNTY is mischaracterizing FOH's allowance of SKOPOS to use the Wing as a "change of use" to gouge money from FOH and/or show hostility toward religion by applying financial pressure on FOH to boot SKOPOS out of FOH's Wing.

## FIRST CAUSE OF ACTION:
## Violation of RLUIPA's "Equal Terms" Provision
## [42 U.S.C. § 2000cc(b)(1)]

25. Plaintiffs refer to and hereby incorporate by reference the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

26. By fining Plaintiff FOH in an effort to coerce FOH to begin the permitting process anew, Defendant COUNTY is violating the "equal terms" provision of the federal Religious Land Use and Institutionalized Persons Act ("RLUIPA"): Public schools in Clackamas County routinely open their facilities – particularly those portions that qualify as "accessory uses" – to outside organizations for regular use on a consistent basis, and the COUNTY does not demand that public schools apply for new CUPs to do so.

27. Defendant COUNTY is likewise treating Plaintiff SKOPOS on unequal terms: While Plaintiff SKOPOS is not the target of the actions of Defendant COUNTY that have given rise to this proceeding, those actions have greatly hindered SKOPOS' ability to find a space adequate for its physical,

theological, and other needs to a greater extent than SKOPOS' similarly sized secular competitors.

28.  Defendant COUNTY's actions also treat Plaintiffs FOH and SKOPOS on unequal terms with secular comparators from the standpoint that said actions limit the ability of religious organizations to enter into mutually beneficial partnerships concerning the use of one's real property to a greater extent than secular organizations.

## SECOND CAUSE OF ACTION:
### Violation of RLUIPA's "Substantial Burden" Provision
### [42 U.S.C. § 2000cc(a)]

29.  Plaintiffs refer to and hereby incorporate by reference the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30.  By fining Plaintiff FOH in an effort to coerce FOH to begin the permitting process anew, Defendant COUNTY is violating RLUIPA's "substantial burden" provision: FOH has a sincere religious belief that it is called to partner with Plaintiff SKOPOS, letting SKOPOS use its Wing so both entities can achieve their overlapping mission of providing Christian education.  In fining FOH for an alleged "change of use," the COUNTY is putting substantial pressure on FOH to boot SKOPOS off of FOH's Property and thereby act in contradiction to FOH's beliefs.  The COUNTY is also essentially fining FOH for exercising its religion, which the U.S. Constitution's First Amendment prohibits.

31.  Defendant COUNTY's demand that Plaintiff FOH go through the permitting process anew is also unduly burdensome from a process standpoint: Besides the excessively high costs it would face, FOH would have to go through a process it already went through more than 40 years ago just to obtain the COUNTY's approval of a use that is already consistent with FOH's current CUP. Furthermore, FOH has no guarantee that the COUNTY would approve such a use.

32. Defendant COUNTY has no compelling government interest in requiring FOH to go through the permitting process anew to obtain what it already has – i.e., permission to use the Wing for educational purposes.

33. Defendant COUNTY is likewise substantially burdening SKOPOS' free exercise of religion: As the U.S. Court of Appeals for the Ninth Circuit (the "Ninth Circuit") has recognized:

> "[A] place of worship … is at the very core of the free exercise of religion … Churches and synagogues cannot function without a physical space adequate to their needs and consistent with their theological requirements. The right to build, buy, or rent such a space is an indispensable adjunct of the core First Amendment right to assemble for religious purposes."

*Intl. Church of the Foursquare Gospel v. City of San Leandro*, 634 F.3d 1037, 1047 (9th Cir. 2011) (hereinafter *ICFG*) [quoting *Vietnamese Buddhism Study Temple in America v. City of Garden Grove*, 460 F. Supp. 2d 1165, 1171 (C.D. Cal. 2006)].

34. The Ninth Circuit's holding in *ICFG*, cited *supra*, surely applies with equal force to religious schools such as Plaintiff SKOPOS, as schools cannot function without space adequate to their needs and consistent with their theological requirements.

35. Defendant COUNTY's actions, while aimed at Plaintiff FOH, raise the specter of FOH having to unwillingly boot SKOPOS off its Property, thereby forcing SKOPOS to either scramble yet again to find a new, suitable location or fold entirely.

36. Based on the foregoing, Plaintiffs hereby request that the Court (1) find that in attempting to coerce Plaintiff FOH to submit to the permitting process anew through the issuance of fines, Defendant COUNTY has violated RLUIPA, and (2) accordingly, grant Plaintiffs the following remedies:

## DECLARATORY RELIEF

37. Plaintiff refers to and hereby incorporates by reference the allegations set forth in Paragraphs 1 through 36 into this Paragraph as if fully set forth herein.

38. "Declaratory relief is appropriate when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986). Declaratory relief is appropriate here because it will clarify that Plaintiff FOH's allowance of Plaintiff SKOPOS to use FOH's Wing does not constitute a "change of use" and thereby alleviate any uncertainty or controversy over whether FOH's allowance of SKOPOS to use its Wing is consistent with FOH's current CUP.

39. Because Plaintiff FOH, in allowing Plaintiff SKOPOS to use the Wing for the purpose of advancing Christian education, is, in fact, using the Wing for its intended purpose – i.e., education – Plaintiffs hereby request that the Court issue a declaration stating that FOH has not violated the terms of the CUP and that allowing SKOPOS to use the Wing does not constitute a "change of use."

## INJUNCTIVE RELIEF

40. Plaintiff refers to and hereby incorporates by reference the allegations set forth in Paragraphs 1 through 39 into this Paragraph as if fully set forth herein.

41. Injunctive relief is warranted here because Plaintiffs have suffered, and continue to suffer, an irreparable injury: As long as Plaintiff FOH allows Plaintiff SKOPOS to operate out of the Wing, FOH faces fines from Defendant COUNTY. Accordingly, FOH's ability to freely exercise its religion is substantially burdened for as long as it faces such fines.

42. Plaintiff SKOPOS' ability to freely exercise its religion is substantially burdened by COUNTY's actions toward Plaintiff FOH: At best, SKOPOS faces the likelihood of having to find a new location, which is itself a substantial burden under RLUIPA. *See ICFG*, 634 F.3d at 1046 [quoting *Saints Constantine & Helen Greek Orthodox Church, Inc. v. City of New Berlin*, 396 F.3d 895, 901 (7th Cir. 2005) (holding that forcing a religious organization to continually search for a desirable location in a given community substantially burdens the free exercise of religion)]. At worst, SKOPOS faces the prospect of having to shut down entirely due to an inability to find a location as suitable as the one that FOH has graciously provided.

43. While Plaintiff FOH can be financially compensated for whatever fines it pays, and Plaintiff SKOPOS can be financially compensated for whatever expenses it incurs in finding a suitable new location, monetary damages are inadequate for either Plaintiff, as the issue here is Plaintiffs' freedom to enter into a mutually beneficial partnership that advances their respective religious missions.

44. A remedy in equity is warranted based on the balance of hardships between the parties: Whereas Plaintiffs' respective rights to use Plaintiff FOH's Property for the free exercise of religion at stake, Defendant COUNTY is minimally affected, if at all, as Plaintiff FOH's allowance of Plaintiff SKOPOS to use the Property is consistent with what FOH's CUP allows.

45. The public interest would be served by the issuance of injunctive relief, as such relief would protect the right of religious entities to use their real property for the free exercise of religion to the greatest extent possible.

46. Accordingly, the Court should grant Plaintiffs an injunction prohibiting Defendant COUNTY from fining or taking any other action against

Plaintiff FOH for allowing Plaintiff SKOPOS to operate on FOH's Property without submitting to the permitting process anew.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### ON ALL CAUSES OF ACTION:

1. For declaratory relief;
2. For injunctive relief;
3. For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and
4. For such other and further relief as the Court may deem proper.

Dated: December 31, 2019

PACIFIC JUSTICE INSTITUTE
__/s/ RAY D. HACKE_____
Ray D. Hacke
Attorney for Plaintiff
FAITH ON HILL CHURCH

## PROOF OF SERVICE

I am employed in the County of Marion, State of Oregon. I am over the age of eighteen and not a party to the within action; my business address is 1850 45th Ave., Suite 33, Salem, OR 97305.

On December 31, 2019, I served the following documents on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed to said parties:

**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF UNDER RELIGIOUS LAND USE & INSTITUTIONALIZED PERSONS ACT [42 U.S.C. § 2000cc *et seq.*]**

### PLEASE SEE ATTACHED SERVICE LIST

\_\_\_\_\_BY MAIL: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  X   BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the office of the addressee(s).

\_\_\_\_\_BY FACSIMILE TRANSMISSION: The facsimile machine I used complied with California Rules of Court 2003(3) and no error was reported by the machine. Pursuant to rule 2005(i), I caused the machine to print a record of the transmission, a copy of which is attached to this proof of service.

\_\_\_\_\_(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  X   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 31, 2019, at Salem, Oregon.

/s/ *RAY D. HACKE*
Ray D. Hacke

## SERVICE LIST

**Via Personal Service:**
Stephen L. Madkour
Clackamas County Counsel
2051 Kaen Road
Oregon City, OR 97045